IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

APRIL L. SHIRING,

    Plaintiff,

vs.                                            Civil Action No.:  2:19-cv-1500

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.

## PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, April L. Shiring, by and through her undersigned counsel, Max Petrunya, Esquire and the law firm of Max Petrunya, P.C., and files the within Complaint to recover benefits due under a long-term disability policy issued by Defendant Life Insurance Company of North America (herein after referred to as "LINA" or "Cigna").

## JURISDICTION and VENUE

1. This action is brought pursuant to 28 U.S.C. § 1332. This Court has jurisdiction based upon diversity of the parties and the amount in controversy. Additionally, this is an action brought pursuant to Section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a)(e)(1) and (f). This Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2. Venue is properly laid in this district pursuant to 28 U.S.C. §1391(a), as the Plaintiff resides in this district, became disabled in this district, was issued the subject insurance policy in this district, and the Defendant is subject to personal jurisdiction in this district.

## PARTIES

3. Plaintiff April L. Shiring is an adult individual residing at 1804 Greenleaf Street, Pittsburgh, Allegheny County, Pennsylvania 15211.

4. Accordingly, Ms. Shiring is a citizen of Pennsylvania.

5. Defendant Life Insurance Company of North America (which operates under the name "Cigna") is a corporation with its principal place of business at 1601 Chestnut Street, 2 Liberty Place, Philadelphia, Pennsylvania 19192.

## FACTS

6. April L. Shiring was employed by Defendant Cigna as s Short-Term Disability Claims Manager.

7. Ms. Shiring left work due to disability on March 16, 2018 due to a seizure disorder she experienced.

8. Ms. Shiring collected short-term disability benefits from Defendant Cigna due to her seizure disorder.

9. Ms. Shiring attempted to return to work following the exhaustion of her short-term disability benefits, however, Ms. Shiring still suffered from seizures and the medication she was prescribed by her neurologist was not working.

10. Ms. Shiring applied for Long-Term Disability benefits on September 6, 2018.

11. Ms. Shiring's claim for Long-Term Disability benefits was denied on October 15, 2018, despite the fact that Ms. Shiring meets the definition of disabled of her own employer Cigna.

12. Ms. Shiring is still under the care of her neurologist, still suffers from her seizure disorder, and still is unable to work at her job or any job due to her condition.

13. As of last week, Ms. Shiring was in the hospital again to due seizures.

14. Ms. Shiring filed timely appeals and was denied any further benefits based on her condition on November 8, 2019. Ms. Shiring was informed by Cigna that she now had the right to bring action in Federal Court to recover her long-term disability benefits.

15. To this day, Ms. Shiring's injuries and disabling conditions prevent her from performing the substantial duties of her job, and further prevents her from performing the material and substantial duties for any gainful employment.

16. Accordingly, Ms. Shiring is disabled and prevented from doing her job, or any job, due to her debilitating medical conditions.

17. Cigna's denial of Ms. Shiring's Long-Term Disability benefits constitutes a wrongful denial of benefits to which she is entitled.

18. Given Ms. Shiring's condition, Ms. Shiring remains disabled as defined by the policy.

19. Ms. McWilliams filed timely appeals for benefits. Ms. McWilliams' appeals were denied, and Ms. McWilliams has exhausted all of her administrative remedies associated with these appeals as of October 10, 2019.

## COUNT I

### ERISA CLAIM FOR BENEFITS UNDER THE PLAN – 29 U.S.C. 1132(a)(1)(b)

20. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth at length herein, and further alleges as follows.

21. The plan provides that Plaintiff is entitled to replacement disability income ("disability benefits") based upon her becoming and remaining disabled within the meeting of the plan.

22. Plaintiff has established his disability within the meaning of the plan and is entitled to disability benefits because she is unable to perform his occupation and is also unable to perform the material and substantial duties of any gainful occupation for which she is reasonably fitted by training, education, or experience.

23. On or about October 15, 2018, Defendant denied disability benefits. Defendant has not paid Plaintiff disability benefits from October 15, 2018 to the present. Plaintiff is entitled to payment of disability benefits under the plan, because her medical conditions prevented, and continues to prevent, her from performing the material and substantial duties of her regular occupation and continues to prevent her from performing the material and substantial duties of any gainful occupation for which she is reasonably fitted by training, education, or experience.

24. Defendant's denial of long-term disability benefits constitutes a wrongful denial of benefits governed by ERISA, and adversely affects the Plaintiff's eligibility for long-term disability benefits.

WHEREFORE, the Plaintiff, April L. Shiring, demands judgment in her favor and against the Defendant Life Insurance Company of North America in an amount in excess of the jurisdictional limits, plus costs of suit, plus pre- and post-judgment interest, plus attorney's fees and costs.

Respectfully submitted,

By: /s/ Max Petrunya
MAX PETRUNYA, ESQUIRE
Pa. I.D. No.: 309122
MAX PETRUNYA, P.C.
5 Bayard Rd. Unit 917
Pittsburgh, PA 15213
(412) 720-3497
maxpetrunyapc@gmail.com